**In re APPLE COMPUTER SECURITIES LITIGATION.**

**Master File No. C–84–20148(A)–RPA.**

United States District Court,
N.D. California,
San Jose Division.

July 31, 1987.

Berger & Montague, P.C., Barrack, Rodos & Bacine, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Cotchett & Illston, Burlingame, Cal., for plaintiffs.

Heller, Ehrman, White & McAuliffe, Pettit & Martin, San Francisco, Cal., for defendants.

AGUILAR, District Judge.

On April 30, 1987, the Court issued an "Order Granting in Large Part Defendants' Motion for Summary Judgment" (hereafter the "Order").* Plaintiffs now move for partial reconsideration of the Order. In addition, plaintiffs have brought their own motion for partial summary judgment. Defendants have opposed both motions in a single brief, and a series of additional submissions, which in turn were opposed by a series of submissions by plaintiffs. The papers have now settled. The Court has deemed the matter submitted without the favor of oral argument. Having received and read all the papers submitted, and having reread and reconsidered its earlier Order, the Court finds and orders as follows.

(A) *Statement ## 8 and 9:*

Plaintiffs have expended a great deal of time and energy asserting that these Statements are material. These efforts have not altered the Court's conclusion, but they have served to provide the Court with an opportunity to amplify its ruling.

In analyzing Statements ## 8 and 9, the Court agreed with plaintiffs' characterization of these Statements as predictions or forecasts. The Court then went on to state that "[i]t does not follow from this characterization that the Court's analysis of materiality should differ with respect to these statements." *Order* at 25. In fact, once having categorized the Statements as opinions or forecasts, the Court should have analyzed them, at least at the initial

---

* Editor's Note: The Order was cosmetically revised for publication on October 19, 1987. *See Amended Order Granting In Large Part Defend-* *ants' Motion for Summary Judgment,* 672 F.Supp. 1552.

level of analysis, differently than statements of objective fact. *See, e.g., Marx v. Computer Sciences Corporation,* 507 F.2d 485, 490 n. 7 (9th Cir.1974); *G & M, Inc. v. Newbern,* 488 F.2d 742, 745–46 (9th Cir. 1973).

In this case, Statements ## 8 and 9 are expressions of opinion. As such, the standard in this circuit regarding their materiality is whether the Statements were sound and justified. In the words of the court in *Marx,* were the Statements "reached in a rational fashion." 507 F.2d at 490 n. 7. As explained in several places in the Order (see in particular the discussion of Statements ## 11–14), defendants had a rational basis for their optimism, grounded in both historical and contemporary fact. This rational basis is sufficient to immunize defendants from liability for Statements ## 8 and 9.

■ Having made that analytical digression, the Court affirms its earlier treatment of Statements ## 8 and 9 in the Order. Even if the Statements are assessed as representations of objective fact, they are not materially misleading. Plaintiffs' argument is that these Statements were misleading and that defendants had a duty to disclose negative information in order to avoid misleading the public. The Court concluded that the article in which the Statements were reproduced itself contained exactly the type of negative information plaintiffs' would find necessarily disclosed in order to avoid misleading market investors. Contrary to plaintiffs' exaggerated assertions, the Court did not find it sufficient that "someone somewhere" express an opinion contrary to management's public statements. *Memorandum in Support of Plaintiffs' Motion for Reconsideration of Order Partially Granting Defendants' Motions for Summary Judgment* (hereafter "Moving Brief") at 9. Instead, the Court found that the duty of disclosure is met when negative statements, made in the context of a skeptical news article, are juxtaposed to and essentially bracket misleading representations appearing in the same article. Upon reconsideration, the Court affirms this conclu-

sion, adding as additional support the above discussion treating the Statements as expressions of opinion. Summary judgment on behalf of defendants was proper with respect to Statements ## 8 and 9.

(B) *Statements ## 11–14:*

■ Plaintiffs raise several point vis-a-vis Statements ## 11–14. The Court finds that although artfully asserted, none of these points warrants a reversal of the Court's Order. First, plaintiffs contend that Statements ## 11, 13, and 14 convey the impression of firm orders as opposed to the reality of "soft," non-binding commitments. Plaintiffs contend that a "reasonable investor could read those statements as implying firm orders." *Moving Brief* at 26. This goes too far. In each of these Statements, Apple represents that *it* is pleased with the public's response to Lisa. This is expressed in general terms, without reference to qualitative yardsticks. Indeed, the yardstick invoked is *Apple's* expectations. As a matter of objective fact, these were accurate Statements at the time they were made. Thus, liability does not attach.

By way of comparison, the Court found that Statement # 10 was misleading because it was an affirmative representation that money had changed hands in ordering Lisa. As noted by plaintiffs, the Court found that a reasonable investor *"would"* conclude that Apple was actually receiving firm orders for the sale of Lisas. There is a significant difference between the Court's conclusion as to what a reasonable investor "would conclude" in reference to Statement # 10, and plaintiffs' argument of what a reasonable investor "could read ... [Statements 11, 13, and 14] as implying." The difference is that the former is actionable and the latter is not.

■ Plaintiffs also take issue with the Court's treatment of Statement # 12, contending that it was deceptive. Plaintiffs support this argument largely by reference to documents and information generated after Statement # 12 was made. This is hardly fair play. The Court will stand by

its ruling with respect to Statement # 12 as well as Statements ## 11, 13, and 14.

(C) *Statement # 15:*

The Court has reexamined Statement # 15 in light of the parties' further briefing. The Order put plaintiffs on notice to the fact that they had not adequately described the context of the publication of Statement # 15. Due to the fact that the issue of publication was not contested, the Court gave plaintiffs the benefit of the doubt.

■ Defendants now expressly question whether Statement # 15 was published in such a way as to have the potential to affect the price of Apple stock. Defendants commissioned an investigation into various business news sources to locate any possible reporting of Statement # 15. The investigation proved fruitless, suggesting that the Statement was not published in any source other than the one identified by plaintiffs. However, defendants do not challenge the allegation that the Statement was published in the Reuter Financial Report of June 13, 1983. Absent contrary evidence, the Court must assume that the Statement was published on June 13, 1983 in the Reuter Financial Report. The question then is whether such publication could have affected the market price of the stock.

The declaration of John Torkelsen indicates that such publication would be reflected in the price of Apple stock. The Court finds this to be rather weak evidence, but it is sufficient to make a prima facie case of effect on the price of Apple stock.

There still remains the question of the materiality of Statement # 15. The Court has reconsidered its position in light of the additional briefing and now finds that the materiality of Statement # 15 is properly left to a jury to decide. In its earlier analysis, the Court focused on the content of the Statement, and in particular, the aspect of the Statement relating to Apple's expectations. The Court continues to find this analysis appropriate. What the Court failed to address adequately was the issue of timing. When the Statement was made,

no shipments had been made. Had the Statement been made two weeks later, the issue of materiality would take on a different complexion. But given the timing of the Statement, a jury could reasonably find that the Statement was material. Accordingly, the Court reverses its position and now finds that Statement # 15 is not properly disposed of at summary judgment. Defendants' motion for summary judgment with respect to Statement # 15 is therefore denied.

(D) *Statement 16:*

■ Plaintiffs seek reconsideration of the Court's ruling on this Statement on several grounds. The Court rejects plaintiffs' analysis and affirms its earlier ruling. There was a rational basis for Statement # 16 and it was not a material misstatement or misrepresentation of fact. The only item raised by plaintiffs upon which the Court wishes to comment is the reference to the proper legal standard for ruling on motions for summary judgment. Plaintiffs object to the Court's use of the word "establish." Contrary to their expressed view, plaintiffs did have the burden of raising some material issue of fact. Defendants came forward with evidence suggesting a rational basis for their Statement. At that point, plaintiff had the burden of establishing some material fact tending to show that Apple's optimism lacked a rational basis. Plaintiffs were unable to do so. Consequently, summary judgment was appropriate.

(E) *Additional Statements:*

Plaintiffs allege that two additional statements are actionable. These two statements will be denoted Statements ## 17 and 18 and are as follows:

Statement # 17:

> [I]n our own experience, price has not been an issue, even with Lisa....
>
> ... We announced at NCC the Applenet, our local area network concept, which will be shipped in early 1984.

Defendant John Sculley remarks to group of Financial Analysts on August 12, 1983.

Statement # 18:

> Are Sales of Lisa dropping off? Are they below projection? What major sales can be used as examples of Lisa's acceptance?
>
> We continue to be satisfied with the sales of Lisa which, as you know, began shipment in late June. Lisa is meeting our Fiscal Year 83 projections, so we're right on target with sales.

Questions and Answers Drafted for Executive Briefing Tour, September 12–16, 1983.

To the Court's knowledge, Statement # 17 was not raised in plaintiffs' papers in opposing the motion for summary judgment. Nevertheless, in the spirit of fairness, the Court will now consider the matter.

■ The first part of Statement # 17 is clearly not actionable. Even excerpted in part and out of context, the Statement about Lisa's price is neither material nor a misstatement. When properly put in context, there is no doubt that it is non-actionable. Similarly, the second part of Statement # 17 regarding Applenet is non-actionable. The topic of Applenet and IBM compatability was discussed in the Order within the discussion regarding Statement # 6. The sole item offered by plaintiffs contradicting Statement # 17 is an interoffice memo dated contemporaneously with Sculley's public statement. No reasonable jury could find, in light of all the evidence about Applenet, that this memo raises a triable issue of fact with respect to Sculley's remarks. Accordingly, the Court hereby grants defendants' motion for summary judgment with regard to Statement # 17.

■ No matter how vigorously plaintiffs stab at the strawman erected in Statement # 18, their efforts are to no avail. As defendants point out, plaintiffs have adduced no evidence showing that Statement # 18 was ever released to the public. Without public disclosure, Statement # 18 cannot be said to have contributed to an improper inflation in the price of Apple stock. Therefore, the Court hereby grants defendants' motion for summary judgment with respect to Statement # 18.

(F) *The Question of Timing and the Duty to Disclose:*

In their *Moving Brief* in this motion for reconsideration, plaintiffs raise an argument about timing and defendants' duty to disclose. The gist of the argument is that defendants had a continuing duty to monitor the accuracy of past statements. For example, once Apple learned that the Lisa order backlog had been depleted, the company was obligated to publicly correct earlier statements to the effect that the product was being well received. Plaintiffs dub this responsibility, "a duty to correct." *Moving Brief* at 19. This is a new argument raised for the first time (as far as the Court can discern) in this motion for reconsideration.

Plaintiffs have set the time frame for this duty to correct as beginning at least by August 15, 1983. The parties agree that disclosure was made on September 23, 1983. Basically, then, the argument breaks down to a thirty-nine day period in which defendants allegedly knew that some of their prior statements were false or misleading, yet did not step forward to correct a continuing public misperception.

■ The first task is to identify those Statements which are alleged to have become misleading or false. Plaintiffs have engaged in general accusations rather than specific references, but given the scope of the case this is understandable. Having surveyed the list of Statements yet again, the Court finds that Statements ## 8 and 9 are the only Statements potentially raising a duty to correct. However, the Court's analysis in the Order vis-a-vis the misleading character of Statements ## 8 and 9 is equally applicable here. Whatever potential to mislead these Statements possessed was countered in the same article in which the Statements appeared. If the Statements themselves can be said to have had

lingering effects in terms of continued reliance by investors, so too did the contrary information published in the same article. In short, the Court concludes that defendants did not breach any "duty to correct."

#### (G) *Plaintiff's Motion for Partial Summary Judgment:*

The Court agrees with defendants' characterization of this motion as another angle on the motion for reconsideration. The Court has made its rulings on materiality in this order and the earlier Order, and will not render an advisory opinion on what was or was not material in this case as of August 15, 1983. Accordingly, plaintiffs' motion for partial summary judgment is HEREBY DENIED.

#### (H) *Dismissal of the Outside Directors:*

Now that the dust has settled, it is time to turn to the issue of the liability of the outside directors. The three remaining Statements which form the basis of plaintiffs' case are not sufficient to state a claim against the four outside directors. A party "must have a duty to disclose information before his failure to do so will support liability." *S.E.C. v. Rogers,* 790 F.2d 1450, 1459 (9th Cir.1986), *citing Strong v. France,* 474 F.2d 747, 752 (9th Cir.1973). A directorship in itself does not impose a duty to insure that all material adverse information about Lisa was conveyed to prospective purchasers of Apple stock. *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 119 (2d Cir.1982); *Lanza v. Drexel,* 479 F.2d 1277, 1289 (2d Cir.1973) (en banc).

In this case, the three Statements in question cannot be attributed to the outside directors. The Statements were not part of quarterly reports or any other official Board of Director publications. Plaintiffs have not connected these three Statements with any of the outside directors, nor have they demonstrated that the outsiders had any duty to disclose with respect to these Statements. Furthermore, there is no controlling person liability, *see Burgess v. Pre-*

*mier Corp.,* 727 F.2d 826, 832 (9th Cir. 1984), nor is there any liability for aiding and abetting. *See Orloff v. Allman,* 819 F.2d 904 (9th Cir.1987); *see also Harmsen v. Smith,* 693 F.2d 932 (9th Cir.1982), *cert. denied,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed. 2d 97 (1983). Good cause appearing therefore, the outside directors' motion for summary judgment is HEREBY GRANTED.

#### (I) *Summary:*

The Court has struggled mightily to provide plaintiffs with a fair opportunity to respond to defendants' motions. Despite submitting literally thousands of pages of briefs and exhibits, plaintiffs have not, for the most part, succeeded in showing that they have a viable case. The fact that most of the directors of a corporation sold a small fraction of their stock in that corporation during a volatile period in the life of the relevant industry does not, in itself, state a cause of action for violation of the securities laws. Nor do general statements of optimism—in this case without reference to specific sales predictions or profit projections—create liability for securities fraud. The Court has gone the extra mile with plaintiffs and has not yet arrived at the case that has been advertised at oral argument or in flowing introductions to briefs. Therefore, with the exception of the revival of Statement # 15, plaintiffs' motion for reconsideration of the Court's Order of April 30, 1987 is HEREBY DENIED. Plaintiffs' motion for partial summary judgment is also denied.

IT IS SO ORDERED.